**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **KIT CHECK, INC.,** | : | |
| | : | **Case No. 2:17-cv-01041** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Vascura** |
| **HEALTH CARE LOGISITICS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff Kit Check, Inc.'s ("KCI") Motion to Strike

Insufficient Defenses from the Answer of Defendant Health Care Logistics ("HCL"). (ECF No.

11). For the reasons that follow, the Court **GRANTS** KCI's Motion to Strike HCL's Affirmative

Defenses. (ECF No. 11). In particular, the Court **STRIKES WITHOUT PREJUDICE** HCL's

affirmative defenses four, eight, twelve, sixteen, twenty, twenty-four, and twenty-eight.

### I. BACKGROUND

KCI is the holder of seven patents relevant to this civil action, including U.S. Patent No.

8,990,099 (the "'099 patent"); 9,037,479 (the "'479 patent"); 9,058,412 (the "'412 patent");

9,058,413 (the "'413 patent"); 9,367,665 (the "'665 patent"); 9,734,294 (the "'294 patent"); and

9,805,169 (the "'169 patent"). (ECF No. 1). KCI claims, among other things, that HCL has

infringed the aforementioned patents. (ECF No. 1 at 2). KCI filed its Complaint on December

1, 2017 requesting "(i) declaratory relief confirming that KCI is the owner of the trade secrets

and intellectual property concerning the KCI Product; (ii) injunctive relief ordering HCL to cease

its intentional, wrongful, and unfair use of KCI's trade secrets, and its infringement of KCI's

patents, in order to compete with KCI's business; and (iii) monetary relief compensating KCI for the economic harm caused by HCL's unlawful actions." (ECF No. 1).

HCL answered KCI's complaint on January 2, 2018. (ECF No. 6). On January 19, 2018, KCI moved to strike seven of HCL's affirmative defenses. (ECF No. 11). On February 9, 2018, HCL filed its First-Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint ("First-Amended Answer") (ECF No. 18), as well as a memorandum in opposition to KCI's motion to strike. (ECF No. 19). The affirmative defenses that KCI seeks to strike were set out identically in both HCL's initial pleading and in its First-Amended Answer.[1] KCI filed a reply to HCL's memorandum in opposition on February 21, 2018. (ECF No. 21). KCI's motion to strike, (ECF No. 11), is ripe for review.

## II. STANDARD OF REVIEW

### A. Motion to Strike

The Court, upon motion or on its own, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are entrusted to the "sound discretion of the trial court, but are generally disfavored." *Yates-Mattingly v. University of Cincinnati*, No. 1:11–cv–753, 2013 WL 526427, at *1 (S.D. Ohio Feb. 11, 2013). Indeed, "[s]triking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)). The Court should not grant a motion to strike if "the insufficiency of the defense is not clearly apparent, or

---

[1] Although KCI's motion to strike attacks the affirmative defenses initially set out in HCL's January 1, 2018 answer, the Court treats the motion as directed at HCL's First-Amended Answer filed on February 9, 2018. HCL made no objection on this issue in its memorandum in opposition to the motion to strike. Additionally, KCI stated in its reply to HCL's memorandum in opposition that the "parties conferred and have agreed that Plaintiff's underlying motion to strike applies equally to the inequitable conduct defenses in HCL's First Amended Answer." (ECF No. 21 at 1). Finally, no difference exists between HCL's initial pleadings and its First-Amended Answer as to the language, numbering, or presentation of the relevant affirmative defenses.

if it raises factual issues that should be determined on a hearing on the merits." *Joe Hand Promotions, Inc. v. Havens*, 2:13–cv–0093, 2013 WL 3876176, at \*1 (S.D. Ohio July 26, 2013) (internal quotation omitted). On the other hand, "motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'" *Id.* (internal quotations omitted).

## B. Inequitable Conduct

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). The doctrine of inequitable conduct evolved to embrace misconduct such as egregious affirmative acts of misconduct intended to deceive both the U.S. Patent and Trademark Office ("PTO") and the courts, as well as nondisclosure of information to the PTO. *Id.* at 1287. The Federal Circuit set out heightened requirements for pleading inequitable conduct in patent cases in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). "'[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b)." *Id.* at 1326 (quoting *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1344 (Fed. Cir. 2003)). "Whether inequitable conduct has been pleaded with particularity under Rule (9)(b) is a question governed by Federal Circuit law." *Exergen Corp.*, 575 F.3d at 1318 (citing *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 483 F.3d 1347, 1357 (Fed. Cir. 2007)).

Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Federal Circuit announced that "to plead the

'circumstances' of inequitable conduct with 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp.*, 575 F.3d at 1328. Although conditions of mind may be alleged generally under Rule 9(b), pleading inequitable conduct requires that "the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327. The Federal Circuit noted that the substantive elements of inequitable conduct are (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO. *Id.* at 1327 n.3. However, "simply aver[ring] the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Id.* at 1326-27 (Fed. Cir. 2009). The standard for pleading inequitable conduct was summarized by the Federal Circuit as follows: "a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29 (footnote omitted).

The pleading standard set forth in *Exergen* "applies to allegations of inequitable conduct in affirmative defenses." *Proctor & Gamble Co. v. Team Technologies, Inc.*, Not Reported in F. Supp. 2d, No. 1:12–cv–552, 2012 WL 6001753, at *3 (S.D. Ohio Nov. 30, 2012) (citations omitted). Generally, "[c]ourts should not permit an unsupported inequitable conduct defense to

be asserted or maintained." *Proctor & Gamble Co. v. Team Technologies, Inc.*, No. 1:12–cv–552, 2012 WL 6001753, at \*3 (S.D. Ohio Nov. 30, 2012).

### III.    ANALYSIS

KCI seeks to strike HCL's affirmative defenses four, eight, twelve, sixteen, twenty, twenty-four, and twenty-eight on the grounds that HCL insufficiently pleaded inequitable conduct under Rule 9(b) and *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009).

KCI contends that HCL has failed to meet the standard for pleading inequitable conduct given in *Exergen* since HCL "has not alleged a single fact to support its inequitable conduct and/or unclean hands defenses—let alone the who, what, when, where, and how of any alleged misconduct." (ECF No. 11 at 3). Because, KCI argues, the affirmative defenses of inequitable conduct fall short of the pleading requirements of Rule 9(b) and the *Exergen* standard, they should be struck as insufficient. (ECF No. 11 at 3). KCI's argument treats the "unclean hands" portion of each affirmative defense of "inequitable conduct and/or *unclean hands*" (italics added) as resting on allegations of inequitable conduct before the PTO, such that the pleading standards of Rule 9(b) apply. (ECF No. 11 at 2-3). KCI also notes that because HCL "included a separate, general defense of unclean hands as its Thirty-Second Defense[,]" HCL's thirty-second affirmative defense "covers any 'unclean hands' defense that is separate from the inequitable conduct defenses." (ECF No. 11 at 3). Thus, rather than merely seeking to strike the phrase "inequitable conduct" from the affirmative defenses, KCI seeks to strike each affirmative defense in its entirety.

HCL argues in its memorandum in opposition that KCI's motion should be denied as premature. (ECF No. 19). Noting the "impossible position it is put in by KCI's premature motion to strike[,]" HCL contends that in presenting its affirmative defenses it lacked the

opportunity to present its own set of facts and that it will not have such an opportunity until "further proceedings." (ECF No. 19 at 3). HCL stated that it has given fair notice to KCI "of its intent to set forth an affirmative defense of unclean hands against each patent, which may include allegations of inequitable conduct." (ECF No. 19 at 3). HCL further stated that "the particulars of this defense will be sorted out in discovery and during subsequent proceedings[.]" (ECF No. 19 at 3). HCL argues that it has given KCI adequate notice of its unclean hands defense because its thirty-second affirmative defense "includes a well pled set of facts supporting such an affirmative defense in its counterclaims." (ECF No. 19 at 3-4). Finally, HCL argues that the decision on KCI's motion to strike "should be stayed pending discovery[,]" until HCL will have had an opportunity to obtain additional facts to support its defenses. (ECF No. 19 at 4).

In its reply, KCI argues that HCL's motion in opposition did not dispute the applicability of Rule 9(b) to its affirmative defenses, did not dispute that its affirmative defenses failed to meet the pleading standard under Rule 9(b), and did not address relevant law. (ECF No. 21 at 1). KCI argues that regardless of HCL's assertions that these proceedings must continue before it can sort out the "particulars" of the affirmative defenses in question, HCL has nonetheless failed to meet the applicable pleading requirements. (ECF No. 21 at 2). KCI makes clear that it did not move to strike HCL's thirty-second affirmative defense concerning unclean hands and contends that "[t]he factual basis for the Thirty-Second Defense has nothing to do with" the defenses KCI moved to strike. (ECF No. 21 at 4).

KCI seeks to strike seven nearly identical affirmative defenses given by HCL, including the fourth, eighth, twelfth, sixteenth, twentieth, twenty-fourth, and twenty-eighth affirmative defenses. HCL's fourth Affirmative Defenses reads as follows:

## Fourth Defense
## Unenforceability of the '099 Patent

Each and every claim of the '099 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

The remaining affirmative defenses at issue—HCL's eighth, twelfth, sixteenth, twentieth, twenty-fourth, and twenty-eighth affirmative defenses—contain identical language except that they refer to the '479, '412, '413, '665, '294, and '169 patents, respectively. KCI does not move to strike HCL's thirty-second affirmative defense, which states that KCI's "claims are barred by the doctrine of unclean hands, as around late 2015 Plaintiff gave HCL permission to design, manufacture, offer to sell, and sell RFID boxes that would target a different market from the large hospital market that Plaintiff was pursuing." (ECF No. 18 at 24).

Neither the challenged affirmative defenses themselves, nor HCL's pleadings as a whole, contain sufficient factual allegations to plead inequitable conduct. HCL did not "plead the 'circumstances' of inequitable conduct with 'particularity' under Rule 9(b)" by identifying "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). For example, HCL has failed to plead the "who" involved in the alleged inequitable conduct. In *Exergen*, although the pleading in question referred "generally to 'Exergen, its agents, and/or attorneys[,]'" the court nonetheless found that the pleading failed to identify the "who" because it did not name the specific individual associated with the filing or prosecution of the patent in question who both knew of the material information and deliberately withheld or misrepresented it *Id.* at 1329 (citations omitted). Here, HCL failed to make even such general allegations. Nor did HCL's pleadings "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327. No allegations were made that any party knowingly withheld from or misrepresented information to the PTO,

that the information withheld was material, or that the information was withheld or misrepresented with the specific intent to deceive the PTO. In sum, HCL's pleadings do not "include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29 (footnote omitted).

HCL's argument that it is in an "impossible position" and that the particulars of its defenses will be worked out during discovery and further proceedings is of no avail. It is clear that "nothing in the case law . . . provides that discovery is required before Rule 9(b) applies. Courts should not permit an unsupported inequitable conduct claim to be asserted or maintained." *Proctor & Gamble Co. v. Team Technologies, Inc.*, Not Reported in F. Supp. 2d, No. 1:12–cv–552, 2012 WL 6001753, at *3 (S.D. Ohio Nov. 30, 2012).

The affirmative defenses at issue do not consist solely of allegations of inequitable conduct; they state that "[e]ach and every claim of the [allegedly infringed] patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or *unclean hands*." The court finds, however, that the defenses should be struck in their entirety. HCL made no argument that the affirmative defenses should be struck only in part if KCI's motion to strike were granted. To the extent that such defenses are based on the same factual allegations as those on which HCL's thirty-second affirmative defense rests, they are redundant. FED. R. CIV. P. 12(f). To the extent that unclean hands is asserted in the challenged defenses to render the patents unenforceable, HCL effectively asserts inequitable conduct. *See PetEdge, Inc. v. Yahee Technologies Corp.*, No. 1:15–cv–13171–ADB, 2017 WL 1702276, at *3 (D. Massachusetts May 2, 2017). HCL

failed to plead any facts that could illuminate some other basis for the assertions of unclean hands contained in the affirmative defenses in question.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff Kit Check, Inc.'s Motion to Strike Insufficient Defenses.  (ECF No. 11).  The Court **STRIKES WITHOUT PREJUDICE** affirmative defenses four, eight, twelve, sixteen, twenty, twenty-four, and twenty-eight, subject to appropriate amendment under Rule 15.

**IT IS SO ORDERED.**

      **s/Algenon L. Marbley**_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 13, 2018**