IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIT CHECK, INC., <br><br>Plaintiff, <br><br>v. <br><br>HEALTH CARE LOGISTICS, INC., <br><br>Defendant | Case No. 2:17-cv-01041-ALM-CMV <br><br><br>Judge Algenon L. Marbley <br><br>Magistrate Judge Chelsey M. Vascura |

**DEFENDANT HEALTH CARE LOGISTICS, INC.'S MOTION FOR STAY IN VIEW OF REQUESTS FOR *EX PARTE* REEXAMINATION**

Defendant Health Care Logistics, Inc. ("HCL") hereby respectfully moves the Court to stay this proceeding in light of five pending Requests for *Ex Parte* Reexamination that HCL has recently filed with the United States Patent and Trademark Office, challenging the validity of each of the asserted patent claims.

As set forth more fully in the accompanying memorandum, Reexamination of the Asserted Patents is likely to simplify, if not eliminate, many of the claims involved in this case. Furthermore, Plaintiff Kit Check, Inc. ("KCI") will not be unduly prejudiced by a stay, as discovery is still underway and there has been no claim construction decision issued. The parties have also obtained leave to amend their infringement contentions and invalidity contentions in the future. Proceeding with the case could be unproductive if the USPTO finds the asserted claims to be invalid, or if the asserted claims are otherwise amended during the course of reexamination.

1

**MEMORANDUM IN SUPPORT**

HCL respectfully requests that this Court stay these proceedings pending HCL's requested *ex parte* reexamination of each of the five asserted patents: U.S. Patent Nos. 8,990,099 ("the '099 Patent"); 9,058,412 ("the '412 Patent"); 9,058,413 ("the '413 Patent"); 9,367,665 ("the '665 Patent"); and 9,805,169 ("the '169 Patent") (collectively referred to as the "Asserted Patents"). In the past week, Requests for *Ex Parte* Reexamination for each of the Asserted Patents were filed with the United States Patent and Trademark Office ("USPTO") Central Reexamination Unit.[1] Copies of the requests (collectively referred to as the "Requests") are included with this brief as Exhibit A ('099 Request); Exhibit B ('412 Request); Exhibit C ('413 Request); Exhibit D ('665 Request); and Exhibit E ('169 Request). See Declaration of Beverly Marsh ("Marsh Dec") at ¶¶ 7-11; Exhibits A-E). The Requests seek invalidation of each of the 65 patent claims asserted by KCI. HCL alternatively requests a stay of these proceedings pending the USPTO's decision on whether to grant reexamination.

**I.      BACKGROUND**

This lawsuit was filed by KCI on December 1, 2017. (Dkt. No. 1, Complaint). KCI asserts that HCL infringes five related patents, all titled "Management of Pharmacy Kits." (Dkt. No. 1; Dkt. No. 53, Joint Stipulation of Partial Dismissal). KCI is presently asserting a total of 65 claims from the Asserted Patents against HCL. (*See* Declaration of Beverly Marsh ("Marsh Dec.") at ¶¶ 3-4).

---

[1] The Requests for the '099 and '413 Patents were filed on July 25, 2019; Requests for the '412 and '665 Patents were filed on July 26, 2019, and the Request for the '169 Patent was filed on July 29, 2019. See Marsh Dec. at ¶¶ 7-11.

The parties are currently engaged in discovery. Although a claim construction hearing has taken place, the claim construction order has not yet issued. No trial date has been scheduled. *Id.*, at ¶ 5. No dispositive motions are pending before the Court. Marsh Dec. at ¶ 6.

HCL filed a motion for stay on January 21, 2019, asking the Court to stay the proceedings pending resolution of HCL's petitions for *inter partes review* (the "IPR" Petitions) of the Asserted Patents that were filed with the Patent Trial and Appeal Board in November and December of 2018. (Dkt. No. 48, HCL's Motion for Stay). On April 29, 2019, this Court ordered that HCL's Motion for Stay be held in abeyance until the PTAB rendered its decision on HCL's IPR Petitions. (Dkt. No. 55, Opinion & Order). The parties have since notified the Court that the IPR Petitions were denied by the PTAB in June. (Dkt. Nos. 57, 58).

The PTAB did not give any opinion regarding the validity or invalidity of the asserted patents. Rather, the PTAB held the IPR Petitions were insufficient in light of a perceived failure to identify a motivation to combine the prior art references identified by HCL. However, the PTAB did not give any opinion about whether there is, or is not, a motivation to combine the prior art references identified in the IPR Petitions, just that HCL allegedly did not identify what the motivation to combine was.

HCL strongly believes that each of the asserted claims is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 in view of the prior art (among other reasons for invalidity not relevant to the e*x parte* reexamination process). As compared with the IPR process, e*x parte* reexamination is an alternative means for invalidating patent claims in view of prior patents or printed publications. Whereas IPR petitions are filed before the

3

PTAB, requests for *ex parte* reexamination are filed before the Central Reexamination Unit of the USPTO. Participation in one proceeding does not necessarily preclude participation in the other: a patent can be both the subject of an IPR petition and a request for *ex parte* reexamination, particularly if the IPR petition is denied and no IPR is instituted. *See HP Inc. v. MPHJ Tech. Invs., LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016) ("[t]he noninstituted grounds do not become part of the IPR. Accordingly, the estoppel provisions of § 315(e)(1) do not apply"); 35 U.S.C. § 315(e)(1).

Accordingly, HCL has sought invalidation of each of the 65 asserted patents claims through the five requests for *ex parte* reexamination, on the grounds that each of the claims are invalid as anticipated under 35 U.S.C. § 102, or invalid as obvious under 35 U.S.C. § 103.

While the IPR Petitions were not decided on substantive grounds, HCL feels it necessary to point out to the Court that the Requests include more arguments for invalidity of the asserted patents as the Requests, unlike the IPR Petitions, are not subject to a strict word count limit. HCL's Requests also include prior art references and prior art combinations not included in the Petitions. Lastly, the Requests include arguments for invalidity under 35 U.S.C. § 102 (anticipation) whereas the IPR Requests did not.

For each Request, the USPTO has three months from the Request filing date to determine whether or not a substantial new question of patentability ("SNQP") affecting any claim of the subject patent has been raised by HCL's Request. If a SNQP is not found then the reexamination process will end. If a SNQP to even one claim is found, an order for *ex parte* reexamination of the patent is issued. *See* 35 U.S.C. § 304. Throughout the reexamination process claims may be cancelled as invalid, amended by the Patent Owner,

4

or even new claims added. For reexaminations that proceed, the eventual conclusion of the reexamination occurs when a reexamination certificate is issued. *See* 35 U.S.C. 307. Among other things, the certificate identifies (1) whether any claims are cancelled as unpatentable; (2) whether any claims are confirmed as patentable; and (3) whether any claims have been amended or new claims added as patentable. 35 U.S.C. § 307.

USPTO statistics show that approximately 91% of requests for *ex parte* reexamination are granted. (Exhibit F, USPTO "Ex Parte Reexamination Filing Data – September 30, 2018", at pg. 1(Item 5 – "Decisions on Requests"); Marsh Dec. at ¶ 12). Furthermore, approximately 67% of issued reexamination certificates have included changes to the claims of the reexamined patent. Ex. F at pg. 2 (Item 8 – "Reexam certificate claim analysis").

## II. RELEVANT LAW AND ARGUMENT

This Court has recognized that "the issue of whether to stay an action for alleged patent infringement pending the reexamination process lies within the sound discretion of the Court." *See Lear Corp. v. TS Tech U.S. Corp.*, Case No. 2:11-cv-245, 2011 U.S. Dist. LEXIS 162002, at *2-3 (S.D. Ohio Oct. 24, 2011) (granting motion to stay pending reexamination).

As previously recognized by this Court, in determining whether to stay litigation pending reexamination, courts generally weigh three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Lear Corp.*, U.S. Dist. LEXIS 162002, at *3. Here, the relevant factors heavily weigh in favor of a stay.

5

### A. A Stay Will Not Unduly Prejudice KCI or Present a Clear Tactical Disadvantage to KCI

The relevant analysis of this factor is not whether KCI may be prejudiced, but whether KCI will be ***unduly*** prejudiced by a stay or suffer a clear tactical disadvantage. As HCL previously argued in a prior motion for stay, it would be contradictory for KCI to argue undue prejudice when KCI waited approximately a year after contacting HCL about its asserted patents to even file this lawsuit. (See Dkt. No. 48 at pg. 9). Furthermore, KCI has not moved for a preliminary injunction. *See VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (finding that the patent owner's stated reasons for not pursuing preliminary injunction "contradicts [patent owners] assertion that it needs injunctive relief as soon as possible.")

There is no clear tactical disadvantage that KCI would suffer during a stay. As the Court is aware, HCL and KCI have stipulated and obtained the Court's leave to amend their infringement and invalidity contentions. (Dkt. No. 60). The parties can even wait until after the issuance of the claim construction order to serve their amended contentions. *Id.* Accordingly, it is already presumed that the parties will be doing further work to revise their contentions, lessening any claim of undue prejudice.

### B. A Stay Has the Potential to Greatly Simplify the Issues in this Case

It is very likely that the USPTO will grant HCL's Requests for *ex parte* reexamination against the Asserted Patents. It is also likely that at least some of the 65 asserted claims will be cancelled as invalid or amended by KCI in order to survive reexamination. As stated above, USPTO statistics show that approximately 91% of reexaminations have historically been granted, and of those 67% result in changes to the claims. See Exhibit F, at pg. 2. In addition to supporting a strong likelihood of success,

6

these statistics also demonstrate the great extent to which the claims of this case may be simplified.

If the USPTO were to invalidate all of the asserted claims then KCI's patent claims would be moot. Apart from invalidation, even amendment of KCI's asserted claims as a result of the reexamination could effectively result in a reduction of KCI's patent claims as patent claim amendments could moot KCI's infringement arguments.

Lastly, it is pointed out that when HCL filed its IPR Petitions, the Petitions did not include all claims asserted in the case, but rather a subset of claims that excluded "transparent tail" tag claims. The "transparent tail" claims have since been removed from this case, mainly through the dismissal of KCI's counts for infringement of the '479 and '294 patents. (Dkt. No. 53, Joint Stipulation of Partial Dismissal Without Prejudice)[2]. All of the 65 claims currently asserted by KCI against HCL are the subject of HCL's pending Requests for *ex parte* reexamination.

### C. A Stay of This Case Will Conserve Judicial Resources

District Courts measure the stage of litigation by the date the motion for stay is filed. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014) ("Generally, the time of the motion is the relevant time to measure the stage of litigation.")

In its April 29, 2019 decision on HCL's first motion for stay, the Court found that "the stage of litigation here is neutral." See Dkt. No. 55 at pg. 2-3. HCL respectfully asserts that this factor should still be considered neutral, and not weigh against a stay. Even though three months have since passed, fact discovery is still underway, no trial date has been set, and the parties are still awaiting a claim construction order.

---

[2] KCI has also informed HCL that it is no longer asserting Claim 53 of the '169 patent, the only "transparent tail" tag claim previously asserted that was not in the '479 or '294 Patent.

If a stay is not granted and the USPTO grants HCL's *ex parte* reexamination Requests, there is great potential for wasted efforts by both the Court and the parties. For example, time and resources devoted to the litigation of claims cancelled or amended will have been wasted. Efforts pertaining to claim construction, invalidity contentions, and infringement contentions would need to be repeated to address any amended language of the claims, or cancelled claims. Indeed, the Federal Circuit has held that cancellation of claims by the USPTO moots pending litigation on those claims where no final judgment has been entered by the court. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1347 (Fed. Cir. 2013) (vacating jury finding of validity and infringement where USPTO invalidated challenged claims while litigation still pending on appeal).

For at least the above reasons, a stay is warranted in order to conserve judicial resources.

### D. A Stay Should be Granted Now While the USPTO is Considering Whether to Grant HCL's Requests

Delaying a stay while the USPTO considers whether to grant HCL's pending Requests will require the parties and this Court to expend efforts that may prove to be unproductive if institution is granted and any of the claims are later cancelled or amended.

HCL is aware that the Court previously declined to enter a stay pending decisions on whether to institute HCL's IPR Petitions and held the decision in abeyance pending the decision. However, it is possible that the next three months of this litigation could involve many activities and efforts by both parties. If the Court were to issue a claim construction order in the very near term it is entirely possible that the next three months would require the parties to finish fact discovery and serve initial expert reports (as well as serve their

amended invalidity and infringement contentions). (See Dkt. No. 23-1, Preliminary Pretrial Order, Proposed Schedule).

### III. CONCLUSION

For the above reasons HCL respectfully requests that the Court stay these proceedings pending a final decision by the USPTO on HCL's *ex parte* reexamination Requests. In the alternative, HCL respectfully requests a temporary stay pending the USPTO's decision whether to grant reexamination on HCL's Requests, after which time the Court may consider a longer stay.

Respectfully submitted,

s/ Beverly A. Marsh
Jeffrey S. Standley (OH Bar 0047248)
F. Michael Speed, Jr. (OH Bar 0067541)
Beverly A. Marsh (OH Bar 0080935)
**Standley Law Group LLP**
6300 Riverside Drive
Dublin, Ohio 43017
Telephone: (614) 792-5555
Facsimile: (614) 792-5536
Email: jstandley@standleyllp.com
   mspeed@standleyllp.com
   bmarsh@standleyllp.com
   litigation@standleyllp.com

*Attorneys for Defendant/Counterclaim Plaintiff Health Care Logistics, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2019, the foregoing was served via the Court's CM/ECF filing system, which will send notification of such filing to all counsel of record.

s/ Beverly A. Marsh<br>
Beverly A. Marsh